IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00101-KDB

| | |
|---|---|
| ANTONIO CHIPLEY,<br><br>**Plaintiff,**<br><br>v.<br><br>KILOLO KIJAKAZI , Acting Commissioner of Social Security,<br><br>**Defendant.** | <u>**ORDER**</u> |

**THIS MATTER** is before the Court on Plaintiff Antonio Chipley's Motion for Summary Judgment (Doc. No. 15) and Defendant's Motion for Summary Judgment (Doc. No. 18). Mr. Chipley, through counsel, seeks judicial review of an unfavorable administrative decision denying his application for disability insurance benefits and supplemental security income under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be **DENIED**; Defendant's Motion for Summary Judgment will be **GRANTED**; and the Commissioner's decision **AFFIRMED**.

## I. BACKGROUND

On October 24, 2019, Plaintiff applied for benefits under Titles II and XVI of the Social Security Act, alleging that he had been disabled since June 14, 2019 (*See* Tr. 198-208). Plaintiff's application was denied both on its first review and upon reconsideration. (Tr. 71-94, 97-120). After conducting a hearing on October 27, 2020, the Administrative Law Judge ("ALJ") denied

1

Plaintiff's application in a decision dated November 25, 2020. (Tr. 12-23). After applying the five-step sequential evaluation process, the ALJ found that Plaintiff has not been under a disability within the meaning of the Social Security Act.

The Appeals Council denied Plaintiff's request for review and thus the ALJ's decision now stands as the final decision. (Tr. 1-6). Mr. Chipley has timely requested judicial review under 42 U.S.C § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration ("SSA") to determine whether Mr. Chipley was disabled under the law during the relevant period.[1] At step one, the ALJ found that Mr. Chipley had not engaged in substantial gainful activity ("SGA") since his alleged onset date; and at step two that he had the severe impairment of right elbow triceps partial rupture, chronic extension contracture, and avulsion fractures. (20 C.F.R. 404.1520(c) and 416.920(c)). (*See* Tr. 14). At step three, the ALJ found that none of Plaintiff's impairments, nor any combination thereof, met, or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id* at 16.

Before proceeding to step four, the ALJ then determined that Mr. Chipley had the following residual functional capacity ("RFC"):

---

[1] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant can perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except no ladders, ropes, and/or scaffolds; no reaching overhead with the right upper extremity; occasional reaching in other directions with the right upper extremity; and frequent handling with the right upper extremity

(Tr. 17). At step four, the ALJ found that Plaintiff had no past relevant work. (Tr. 21). At step five, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform based on his age, education, work experience, and RFC. (Tr. 22). These jobs include an election clerk, call out operator, bonder semiconductor, and surveillance system monitor. *Id*. Thus, the ALJ found that Plaintiff was not disabled under the Social Security Act from June 14, 2019, through the date of his decision. *Id*.

### III. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Bird v. Comm'r of SSA*, 699 F.3d 337, 340 (4th Cir. 2012); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*,

3

782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson*, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020); *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). Yet in undertaking this review, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

Plaintiff raises two challenges to the ALJ's decision, arguing that: (1) the Commissioner's final decision denying Plaintiff's application for benefits is constitutionally defective and (2) the ALJ's evaluation of the medical opinions of Dr. Dickerman and Nurse Reynolds is not supported by substantial evidence. As discussed below, the Court finds that neither of these arguments warrant a remand of the ALJ's decision.

The Court first finds that the Commissioner's final decision was not constitutionally defective. In *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Supreme Court held that where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused her alleged harm. In *Collins,* the Court reasoned that the relevant

4

agency officials were "properly appointed" under a statute that exhibited "no constitutional defect in the . . . method of appointment" and that "the unlawfulness of [a] removal provision" does not "strip [an official] of the power to undertake the other responsibilities of his office[.]" The Court continued that "there is no reason to regard any of the actions taken" by the agency during this period "as void." *Id*. at 1787,1788 n. 23. In this case, Plaintiff, as in *Collins*, grounds his constitutional challenge only on the relevant removal restriction not on the propriety of the Commissioner's appointment. Yet Plaintiff offers no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of his application for disability benefits. Plaintiff simply argues that all actions taken by the Commissioner – and in turn his appointed ALJ's – are void due to the unconstitutional removal provision. However, *Collins* expressly rejects this view. *Id*. Therefore, the final decision of the ALJ is not constitutionally defective.

As for the Plaintiff's second argument, the Court finds that there was substantial evidence to support the ALJ's evaluation of the medical opinions of Dr. Dickerman and Nurse Reynolds. The ALJ should generally give the opinion of a claimant's treating physician the most weight. *Brown v. Comm'r of Soc. Sec. Admin.*, 873 F.3d 251, 255 (4th Cir. 2017) (citing 20 C.F.R. § 404.1527(c)). However, an ALJ is solely responsible for assessing a claimant's RFC and is not bound by the disability opinions of treating physicians in the face of other record evidence. *See Russell v. Barnhart*, 58 Fed. Appx. 25, 28-30, 2003 WL 257494, at **3-4 (4th Cir. Feb. 7, 2003) (upholding ALJ's rejection of treating physician opinion on basis that it was "unsupported by the treatment records"); *see also Hunter*, 993 F.2d at 35 (holding that a treating physician's opinion need not be afforded controlling weight). Additionally, an ALJ "may…discount medical opinions for excessive reliance on a claimant's subjective statements." *Thompson v. Berryhill*, No. 4:18-

5

CV-133-FL, 2019 WL 2980030, at *6 (E.D.N.C. Apr. 22, 2019) (citing *Mastro v. Apfel*, 270 F.3d 171,178) (4th Cir. 2001)), report and recommendation adopted sub nom. *Thompson v. Saul*, No. 4:18-CV-133-FL, 2019 WL 2932736 (E.D.N.C. July 8, 2019).

The Plaintiff argues that the ALJ improperly evaluated the medical opinions from Dickerman and Nurse Reynolds. However, the Court finds that the ALJ properly assessed the persuasiveness of the medical opinions and explained his rationale behind the Plaintiff's RFC. (Tr. 17-21).

The ALJ determined that Dickerman's opinion was not supported by his clinical notes which indicated the Plaintiff's functional improvements. Instead, Dickerman's opinion relied heavily on the Plaintiff's subjective statements, which were inconsistent with the medical records from Plaintiff's other treating providers. (Tr. 20). Indeed, Dickerman's statement regarding Plaintiff's functional limitation remained the same despite Plaintiff receiving fourteen physical therapy appointments, making functional improvements, and having a good discharge prognosis. (*compare* Tr. 567-68 *with* Tr. 612); (Tr. 20, 568). Therefore, the ALJ properly determined that Dickerman's clinical assessment of Plaintiff's functioning abilities was inconsistent with his statements regarding claimant's disability in the medical opinion.

Similarly, Nurse Reynolds stated Plaintiff was unable to do any job requiring the use of his right arm, could not bend his elbow, and could not use his elbow for any activities. (Tr. 565). However, the ALJ also determined that Nurse Reynolds' opinion was generally unpersuasive, with an exception for the Plaintiff's reaching and handling limitations. (Tr. 21). Dr. Graves, another treating provider for Plaintiff, provided records that contradicted Dickerman and Nurse Reynolds' opinion, showing that Plaintiff's elbow was stable to varus/valgus stress testing and was demonstrating functional improvement. (Tr. 527). In addition to the opinions of the previously

mentioned treating providers, the ALJ also considered prior administrative medical findings of the State agency psychological consultants and found their opinions persuasive. (Tr. 21).

Thus, the ALJ considered a combination of all relevant factors in assessing Plaintiff's RFC. The ALJ used all relevant factors to ultimately determine Plaintiff had the ability to perform sedentary work, limited reaching functionality, and complete restriction of climbing ladders, ropes, or scaffolds. (Tr. 16). Thus, the ALJ's evaluation of the medical opinions of Dickerman and Nurse Reynolds was supported by substantial evidence.

Again, the ALJ is solely responsible for assessing a claimant's RFC, 20 C.F.R. §§ 404.1546(c) & 416.946(c). The task for this Court is not to determine how it would rule on Plaintiff's claim for disability in the first instance, but only whether there is substantial evidence to support the ALJ's ruling. The substantial evidence standard assumes a zone of choice within which the ALJ can go either way, without interference by the courts. A decision is not subject to reversal just because substantial evidence would have supported a contrary decision. *See Dunn v. Colvin*, 607 Fed. Appx. 264, 274 (4th Cir. 2015).

In sum, the Court has carefully reviewed the record, the authorities, and the parties' arguments. The appointment of the Acting Commissioner was proper and the ALJ's conclusion that Plaintiff was not disabled is supported by substantial evidence. Therefore, the ALJ's decision will be affirmed.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. No. 15) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 18) is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: July 14, 2022

Kenneth D. Bell
United States District Judge